552 A.2d 1124

COMMONWEALTH of Pennsylvania

v.

Thomas Edward OSTEEN, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 25, 1988.

Filed Jan. 11, 1989.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Stephen J. Lagner, Assistant District Attorney, Erie, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

KELLY, Judge:

Appellant appeals from judgments of sentence alleging that the sentences imposed are excessive, and that the trial court abused its discretion by rejecting the sentencing recommendation which the prosecutor made pursuant to a plea bargain. We affirm judgments of sentence, and deny the petitions for allowance of appeal of the discretionary aspects of the sentences imposed.

## FACTS AND PROCEDURAL HISTORY

On Wednesday, October 7, 1987, appellant pled guilty to charges of false reports to law enforcement authorities and loitering and prowling at night. The only inducement offered by the Commonwealth for that plea was an agreement to *nol pros* a summary charge of criminal mischief. (N.T. 10/7/87 at 7).

On Friday, December 4, 1987, appellant entered a plea of no contest to charges of simple assault and a summary offense of harassment. The factual predicate for these charges was that appellant chased another individual up a street with a baseball bat, putting that individual in fear of imminent serious bodily injury. To induce this plea, the Commonwealth agreed that the summary harassment conviction would be considered to merge with the simple assault conviction, and the prosecutor would recommend to the court at sentencing that a term of probation should be imposed upon the simple assault conviction to be served consecutive to whatever sentence was imposed upon the convictions for false reports and loitering and prowling. (N.T. 12/4/87 at 2; *see also* N.T. 1/28/88 at 7).

A comprehensive pre-sentence report, a psychological report, and a victim impact statement were prepared, and were reviewed by counsel and the trial court prior to

sentencing. On January 28, 1988, a sentencing hearing was held wherein defense counsel presented argument toward mitigation of sentence. (N.T. 1/28/88 at 2–7). The prosecutor, while continuing its recommendation of consecutive probation on the simple assault conviction, noted various factors which weighed in favor of incarceration on the false reports and loitering and prowling convictions. (N.T. 1/28/88 at 8–9).

Following counsels' arguments, the trial court outlined in detail the various sentencing factors it considered. (N.T. 1/28/88 at 9–17). The trial court proceeded to sentence appellant to a term of imprisonment of twelve to twenty-four months on the false reports conviction and a consecutive term of imprisonment of six to twelve months on the loitering and prowling at night conviction, plus restitution in the amount of thirteen dollars and ninety-five cents for replacement of a window broken in the incident. (N.T. 1/28/88 at 17–18). The trial court then specifically rejected the prosecution's recommendation of consecutive probation for the simple assault conviction, and instead sentenced appellant to a term of imprisonment of twelve to twenty-four months imprisonment to be served consecutive to the sentences previously imposed. Thus, appellant was sentenced to an aggregate term of imprisonment of two and one-half to five years imprisonment.

A timely motion to reconsider the sentences imposed was filed which challenged the sentences as excessive and contrary to the agreed plea bargain. This motion was granted in part on February 1, 1988, by reducing the sentence on the simple assault conviction from a term of twelve to twenty-four months imprisonment to a term of six to twelve months imprisonment. The new aggregate sentence was two to four years imprisonment. On February 4, 1988, appellant renewed his motion to reconsider sentence on the same grounds previously raised. This motion was denied on February 5, 1988.

On February 19, 1988, the trial court directed appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of

124

on appeal. Appellant filed two identical statements on February 24, 1988, which essentially incorporated by reference its Motion for Reconsideration of Sentence as appellant's statement of matters complained of on appeal. On March 3, 1988, the trial court filed a Pa.R.A.P. 1925(a) opinion which indicated that the trial court considered its statements at the sentencing hearing sufficient to explain its reasons for the sentences imposed, and which also stated that appellant's boilerplate Pa.R.A.P. 1925(b) statement left the court unable to determine what issues appellant intended to pursue on appeal. The trial court concluded that appellant's non-compliance with Pa.R.A.P. 1925(b) waived all issues on appeal. The appeals were nonetheless briefed and argued in this Court, and are now before us for disposition.

## I. Pa.R.A.P. 1925(b)

We agree with the trial court that appellant's incorporation by reference of appellant's Motion for Reconsideration of Sentence in the purported Pa.R.A.P. 1925(b) statements failed to comply with the letter or spirit of Pa.R.A.P. 1925(b). The purpose of the Pa.R.A.P. 1925(b) statement is to specify the particular issues which appellant intends to present on appeal in order to permit the trial court an opportunity to provide the appellate court with a focused and meaningful explanation for any challenged actions in its Pa.R.A.P. 1925(a) opinion. *See Commonwealth v. Mueller,* 341 Pa.Super. 273, 491 A.2d 258 (1985); *Commonwealth v. Mathis,* 317 Pa.Super. 362, 464 A.2d 362 (1983). A comparison of appellant's statements of questions presented in the briefs filed with this Court and the *ten* separate allegations of error contained in the appellant's motions to reconsider the sentences imposed demonstrates the inadequacy of appellant's Pa.R.A.P. 1925(b) statements to attempt to focus that inquiry, and the ease with which a clear focus might have been achieved with a single brief statement of the issues to be raised on appeal. Nonetheless, we decline to exercise our discretion to deem the issues raised on appeal waived on that basis. *See Commonwealth v. Silver,* 499

Pa. 228, 452 A.2d 1328 (1982). We have two reasons for this decision.

■ First, assuming that the procedural defect is even significant enough to warrant attention, dismissal of an appeal on grounds of procedural default would improperly place the burden of such default upon the client rather than the offending counsel. Moreover, at least with respect to criminal appeals, dismissal would merely breed further delay and expense, through the inevitable collateral appeal raising counsel's ineffectiveness under the Post Conviction Hearing Act. The more appropriate course in such cases is to direct erring counsel to comply with the mandate of the procedural rule, upon pain of contempt. *See Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 530 A.2d 900 (1987); *id.*, 530 A.2d at 903–04 (Kelly, J., concurring).

Second, the absence of proper Pa.R.A.P. 1925(b) statements in no way impairs our review or disposition of these appeals. We agree with the trial court that its detailed remarks at the sentencing hearing are a more than sufficient statement of its reasons for the actions challenged in these appeals. Hence, despite the plain violation of the letter and spirit of Pa.R.A.P. 1925(b), we will not dismiss these appeals on that basis.

## II. REJECTION OF PROSECUTOR'S SENTENCING RECOMMENDATION

Appellant argues, as part of his contention that the sentences imposed were excessive, that the trial court rejected the prosecution's sentencing recommendation, "while knowing that the defendant had expected the judge to honor the recommendation since it was part of the plea bargain." (Appellant's Brief at 9). Such a claim is not, strictly speaking, a challenge to the excessiveness of the sentence; rather, it is properly addressed to the validity of the appellant's plea.

■ If, in fact, the plea agreement had been violated, the proper course for appellant to have taken would have been

to move to withdraw his "no contest" plea within ten days of sentencing. *See Commonwealth v. Shaffer*, 498 Pa. 342, 346 n. 2, 446 A.2d 591, 593 n. 2 (1982); *Commonwealth v. Herberg*, 306 Pa.Super. 245, 249, 452 A.2d 536, 537 (1982); *Commonwealth v. Fazenbacker*, 248 Pa.Super. 433, 375 A.2d 175 (1977); Pa.R.Crim.P. 319(b). No such motion was filed.

Regardless, no such motion would have been appropriate, as appellant received precisely what he was promised under the plea agreement. The transcript of the December 4, 1987 hearing contains the following exchange:

Mr. Osteen is charged with one count of simple assault and one count of harassment as a summary. Mr. Osteen is pleading to simple assault and the harassment would merge. We would further recommend consecutive probation to an outstanding Information at 1085 of 1987.

\* \* \* \* \* \*

MR. SCUTELLA: You understand the plea bargain as I have outlined it to the Court?

THE DEFENDANT: Yes.

MR. SCUTELLA: Have any other promises or threats been made to you to encourage you to plead guilty?

THE DEFENDANT: No.

MR. SCUTELLA: Have any promises been made as to what the sentence of the Court would be other than the recommendation of a consecutive probationary sentence?

THE DEFENDANT: No.

MR. SCUTELLA: *You understand the Court is not bound by the recommendation. The Court can sentence you up to the maximum recommendation made by law consecutive to the other Information?*

THE DEFENDANT: Yes.

MR. SCUTELLA: *The Judge who accepts your plea today may not be the Judge who sentences you, and you will not be allowed to withdraw your plea if another Judge sentences you, do you understand that?*

THE DEFENDANT: Yes.

MR. SCUTELLA: Mr. Osteen, would you sign here indicating I have gone over your rights with you? (Defendant complies.)

(N.T. 12/4/87 at 2, 4). (Emphasis added). That oral exchange during the plea colloquy was reinforced by the following written acknowledgment signed by appellant and his counsel:

4. I understand that the maximum sentence for the crime(s) to which I am pleading no contest is: Ct. 1—$5,000/2 yrs.

5. I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead no contest. The *only* plea bargain in my case is: *None.* The defendant will plead nolo contendere to Count 1 and Count 2 will merge. The Commonwealth recommends consecutive probation to #1085 of 1987. MRC: jac

6. I understand that the Judge is not bound by the terms of any plea bargain unless he chooses to accept it. The Judge will announce his decision at the conclusion of the plea colloquy which follows my signing this paper. *If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be permitted to withdraw my no contest plea if this should occur.*

7. I understand that the Judge who accepts my plea may NOT be the Judge who imposes sentence in my case under Erie County Court Rules. It is still my desire to plead no contest.

I HAVE SIGNED THIS PAPER ONLY AFTER FIRST READING AND REVIEWING IT.

(Defendant's Statement of Understanding of Rights Prior to No Contest Plea, 12/4/87). (Emphasis added).

The above plea bargain created no expectation whatsoever as to what sentence would be imposed. By its clear and fully explained terms, the plea bargain was expressly

limited to what sentence the prosecutor would recommend, not what sentence the court would impose. Thus, the prosecutor completely fulfilled his part of the plea bargain at sentencing by offering the recommendation as agreed. (N.T. 1/28/88 at 8). To have permitted appellant to withdraw his no contest plea based upon the trial court's rejection of the prosecution's recommendation, would have ignored the clear limits of the plea agreement and would have permitted precisely the kind of "sentence-testing" which our Supreme Court expressly condemned in *Shaffer*, 446 A.2d at 592–93; *see also Commonwealth v. Herberg, supra*, 452 A.2d at 537. Consequently, we reject entirely appellant's suggestion that his plea bargain was broken.

## III. ALLEGED EXCESSIVENESS OF SENTENCES

■ Appellant contends that the sentences imposed were excessive. We note initially that he has complied with the basic procedural dictates of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), by filing timely notice of appeal and by complying with the dictates of Pa.R.A.P. 2116(b) and Pa.R.A.P. 2119(f). However, with the exception of the claim disposed of separately above, appellant's statements of reasons for allowance of appeal merely challenge the weight given various legitimate sentencing factors by the trial court; consequently, we deny allowance of appeal for lack of a substantial question. *See Commonwealth v. Carr*, 375 Pa.Super. 168, 543 A.2d 1232 (1988); *Commonwealth v. Moran*, 369 Pa.Super. 109, 534 A.2d 1103 (1987).[1]

## CONCLUSION

Judgments of sentence are affirmed.

DEL SOLE, J., concurs in the result.

---

**1.** We note, however, that trial court's detailed statement of the reasons for the sentences imposed was not only adequate (*see Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988)), it was compelling. The record fully sustains the trial court's evaluation of appellant as a habitual juvenile offender whose substance abuse problems and violent propensities continued unabated as he entered into young adulthood despite prior rehabilitative efforts. (*See* N.T. 1/28/88 at 9–17). Sentences of incarceration were plainly appropriate.