J-A26022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD LEE WHISPELL | |
| Appellant | No. 66 MDA 2014 |

Appeal from the Judgment of Sentence August 21, 2013
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000078-2012

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 02, 2014**

Appellant, Ronald Lee Whispell, appeals from the August 21, 2013 aggregate judgment of sentence of two to 23 months' imprisonment, imposed after a jury found him guilty of four counts of altered or illegally obtained property, and one count each of deceptive business practices, prohibited activities relating to odometers, and false swearing.[1]  After careful review, we affirm the judgment of sentence.

The certified record discloses the following facts and procedural history of this case.  Appellant owns Quality Collision Services, an auto body repair business.  In February 2009, Richard Thursby, an adjuster for Allstate

_____

[1] 18 P.S. § 1.4(a) and (b) (repealed on October 25, 2012 and replaced by 18 Pa.C.S.A. §§ 7703 and 7704), 18 Pa.C.S.A. § 4107(a)(2), 75 Pa.C.S.A. § 7132(b), and 18 Pa.C.S.A. § 4903(a)(2), respectively.

Insurance Company, inspected a red 2008 Volkswagen R32 (R32) with a vehicle identification number (VIN) of WVWKC71K78W018819 at Quality Collision Services. N.T., 7/16/13, at 2-5. Thursby determined that following a collision, the damage to the vehicle exceeded its actual cash value, so it was "totaled." *Id.* at 6. Following this inspection, the vehicle remained at Quality Collision Services.

On May 6, 2009, Appellant purchased an orange 2007 Volkswagen GTI Fahrenheit (GTI) (VIN WVWFV71K27W167276) through Salvage Direct, an online broker for salvage vehicles sold at auction for parts and reconstruction. *Id.* at 14-18. The previous owner's insurance company deemed the GTI a salvage vehicle because it had been stolen. *Id.* at 16. As such, the Pennsylvania Department of Transportation issued a Certificate of Salvage for the vehicle instead of a Certificate of Title. *Id.* at 17. The Certificate of Salvage enabled ownership of the GTI to be transferred, but provided that the GTI needed a reconstructed title before it could be operated on a highway. *Id.* at 18. The vehicle had sustained front and rear-end damage, but the remainder of the vehicle was largely intact. *Id.* at 16.

Following this purchase, Appellant obtained a court order, dated May 29, 2009, awarding him ownership of the red 2008 Volkswagen R32 in satisfaction of a mechanic's lien for a towing and storage bill of $3,250.00.

*Id.* at 47.[2]  Appellant's petition for certificate of title, which was part of Commonwealth's Exhibit C-9 but not admitted at trial, averred that the value of the vehicle was less than the cost of repair, storage, and towing.  *Id.*; N.T., 7/17/13, at 55.  Despite Thursby's conclusion that the R32 was totaled, Appellant obtained a standard Certificate of Title, *i.e.*, "clean title", for the vehicle.  N.T., 7/16/13, at 27, 42, Commonwealth's Exhibit C-6, Certificate of Title, at 1.

In June 2009, Appellant presented a vehicle to Jack Metzgar Volkswagen for repairs.  N.T., 7/16/13, at 76.  The service invoice, which was introduced at trial as Commonwealth's Exhibit C-14A but not admitted into evidence, described the vehicle as an orange 2008 Volkswagen R32.  *Id.*  The VIN plate attached to the dashboard and visible through the front windshield (public VIN) displayed a VIN of WVWKC71K78W018819, which was identical to that of the red 2008 Volkswagen R32 to which Appellant had obtained clean title.  *Id.*  The repair invoice also referred to a parts car, which is a vehicle used to supply parts for another vehicle, with a VIN of WVWFV71K27W167276 that matched the orange 2007 Volkswagen GTI Appellant purchased from Salvage Direct.  *Id.* at 77.

In July 2009, Appellant sold a vehicle he represented as an orange 2008 Volkswagen R32 (Subject Vehicle) to Danyelle Pontius for $23,000.00.

---

[2] This testimony pertained to Commonwealth's Exhibit C-9.  This exhibit is part of the certified record sent to this Court, but it was not admitted at trial.

N.T., 7/16/13, at 24-25. Pontius testified that Appellant told her the Subject Vehicle had been repaired and repainted after an accident, but he did not state that it had been totaled or salvaged. *Id.* at 25. Pontius tendered to Appellant the proceeds of a bank loan in the form of a check for $24,000.00.[3] *Id.* at 27. Pontius noted that the purchase price on the title transfer documents was listed as $10,000.00. *Id.* at 28. While she did not write that purchase price on the document, she signed it, even though the purchase price was incorrect, because she wanted to pay less sales tax. *Id.*

In January 2010, Pontius traded the Subject Vehicle toward the purchase of a 2010 Mitsubishi Lancer from Motor World in Wilkes-Barre, PA. *Id.* at 34-36. Motor World gave her a trade-in credit of $20,000.00 based on the assumptions that the Subject Vehicle was a 2008 R32 with clean title and no accident history. N.T., 7/17/13, at 8. Motor World then took the Subject Vehicle to an auction where York Volkswagen purchased it. *Id.* at 5; N.T., 7/16/13, at 56. Following the auction, one of the technicians at York Volkswagen discovered VIN issues with the Subject Vehicle. N.T., 7/16/13, at 58-63. These VIN concerns caused York Volkswagen to return the Subject Vehicle. *Id.* at 63-64. In March 2010, a sheriff informed Pontius

_____

[3] While the purchase price of the Subject Vehicle was $23,000.00, Pontius explained that the bank loan was for $24,000.00 to cover the cost of tax and tags. N.T., 7/16/13, at 27.

that she had to return the Lancer to Motor World and take back possession of the Subject Vehicle. *Id.* at 37.

The Pennsylvania State Police Auto Theft Task Force then initiated an investigation into the mismatched VIN numbers on the Subject Vehicle. Four witnesses who examined the Subject Vehicle testified regarding their conclusions as to the VIN of the Subject Vehicle, which we consolidate as follows. The Subject Vehicle had a VIN in four separate locations. The public VIN plate of the Subject Vehicle displayed the VIN of the red 2008 Volkswagen R32. N.T., 7/16/13, at 69, 90. A second VIN had been scratched out from the federal weight certification label attached to the driver's doorpost. *Id.* at 69-70, 91. The label, however, also contained a barcode that was not defaced. *Id.* When scanned, the barcode revealed a VIN that matched the 2007 Volkswagen GTI Fahrenheit. *Id.* A third VIN number was stamped into body of the unibody vehicle under the rear seat. *Id.* at 83, 89. It was identical to the VIN of the 2007 Volkswagen GTI Fahrenheit. *Id.* A fourth VIN was spot-welded to the passenger-side quarter panel in the engine compartment. *Id.* at 72, 92. The welding was not performed at the factory. *Id.* at 92. This VIN was the same as the 2008 Volkswagen R32. *Id.* at 72, 92. The investigators concluded, "[S]ome of the parts of the [Subject V]ehicle were from an R32 2008, and … the majority of the parts of the [Subject V]ehicle itself were 2007 GTI Fahrenheit." *Id.* at 71.

At trial, Appellant admitted that he removed the public VIN plate from the dashboard of the R32 and installed it on the instrument panel of the GTI. N.T., 7/17/13, at 57.  He also confirmed that he removed the passenger-side quarter panel with the VIN from the R32 and welded it onto the body of the GTI.  *Id.* at 58.

Robert Metzger, general manager of Jack Metzger, Inc., testified to the discrepancy in value between a 2008 R32 with clean title and a 2007 GTI Fahrenheit with reconstructed title.  N.T., 7/16/13, at 98-99.  In March 2011, the fair market value of a 2008 R32 with clean or standard title was $19,000.00.  *Id.* at 98.  In contrast, the fair market value of a 2007 GTI Fahrenheit with reconstructed title was $5,000.00.  *Id.* at 99.

On March 1, 2012, the Commonwealth filed a nine-count criminal information charging Appellant with four counts of altered or illegally obtained property, and one count each of deceptive or fraudulent business practices, washing vehicle titles, theft by deception, prohibited activities relating to odometers, and false swearing.  Appellant proceeded to a two-day jury trial on July 16, 2013.  At the conclusion of the trial, the jury found Appellant not guilty of washing vehicle titles, not guilty of theft by deception, but guilty of all other charges.  On August 22, 2013, the trial court imposed an aggregate sentence of two to 23 months' imprisonment.

On August 28, 2013, Appellant timely filed a post-sentence motion. On November 7, 2013, the trial court heard oral argument on the motion. Thereafter, on December 20, 2013, the trial court granted Appellant's

motion for judgment of acquittal on the charge of prohibited activities relating to odometers.[4]  The trial court denied Appellant's requests for relief with respect to all other charges.  On January 9, 2014, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following four issues for our review.

1.     Whether the evidence is sufficient to sustain the jury's guilty verdicts on the charges of altered or illegally obtained property?

2.     Whether the evidence is sufficient to sustain the jury's guilty verdict on the charge of deceptive or fraudulent business practices?

3.     Whether the evidence is sufficient to sustain the jury's guilty verdict on the charge of false swearing?

4.     Whether the [trial ]court erred in denying Appellant's [m]otion for a [n]ew [t]rial on the basis that the verdicts were against the weight of the evidence?

Appellant's Brief at 16.

In his first three issues, Appellant argues that the evidence was not sufficient to sustain the jury's verdict on the charges of altered or illegally

---

[4] This did not affect Appellant's aggregate sentence, except the trial court vacated the fine levied for that count.  The trial court entered an amended sentencing order to reflect that change.  The Commonwealth has not filed a cross-appeal.

[5] The trial court ordered, and Appellant timely filed, a Pa.R.A.P. 1925(b) concise statement.  Thereafter, the trial court timely filed its 1925(a) opinion.

obtained property, deceptive or fraudulent business practices, and false swearing. Appellant's Brief at 21-30.

We begin by noting our well-settled standard of review. When reviewing a sufficiency of the evidence claim, we must "review the evidence admitted during the trial along with any reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth." *Commonwealth v. Crawford*, 24 A.3d 396, 404 (Pa. Super. 2011) (citation omitted). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." *Commonwealth v. West*, 937 A.2d 516, 523 (Pa. Super. 2007), *appeal denied,* 947 A.2d 737 (Pa. 2008). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007) (citations omitted). "[T]he trier of fact, in passing upon the credibility of the witnesses, is free to believe all, part, or none of the evidence." *Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009) (citation and internal quotation marks omitted), *cert. denied*, *Rivera v. Pennsylvania*, 560 U.S. 909 (2010).

Before addressing the merits of Appellant's claim, we must determine whether Appellant has complied with Pennsylvania Rule of Appellate

Procedure 1925(b) to preserve this issue for our review. By its text, Rule 1925(b) requires that concise statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii); *see also* **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (stating "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review[]"), *appeal denied*, 919 A.2d 956 (Pa. 2007). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has made clear that Rule 1925(b) is a bright-line rule. **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient**. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added). Further, this Court has concluded that other documents may not be incorporated by reference into the 1925(b) statement. **Commonwealth v. Osteen**, 552 A.2d 1124, 1126 (Pa. Super. 1989); *see also Commonwealth v. Smith*,

955 A.2d 391, 393 n.5 (Pa. Super. 2008); *Commonwealth v. Dodge*, 859 A.2d 771, 774 (Pa. Super. 2004) (expressing disapproval of the appellant's incorporation by reference of post sentence motions in his 1925(b) statement), *vacated on other grounds*, 935 A.2d 1290 (Pa. 2007).

In this case, on January 23, 2014, Appellant timely filed his Rule 1925(b) statement, which raised a challenge to the sufficiency of the evidence but did not refer to the individual elements of the crimes for which he was convicted.

> 2.    [Appellant] filed a timely [p]ost-[s]entence [m]otion seeking a judgment of acquittal on all counts on the basis of insufficiency of the evidence ….
>
> …
>
> 4.    On appeal[,] the [Appellant] will argue that the [trial c]ourt erred in denying his motions for judgment of acquittal as well as his motion for a new trial.    These matters were raised in the post-sentence motion.  Both parties briefed the issues and the [trial c]ourt heard oral argument.  The matters to be raised on appeal were thoroughly discussed by the [trial c]ourt in its opinion denying the post-sentence motion.

Appellant's Rule 1925(b) Statement, 1/23/14, at 1-2.

Based on our cases, we are constrained to conclude that Appellant has not complied with Rule 1925(b) because his concise statement fails to specify which elements of which offenses the Commonwealth did not prove beyond a reasonable doubt.    *See Garland*, *supra* (concluding that Garland's bald Rule 1925(b) statement that "[t]he evidence was legally

insufficient to support the convictions[]" was non-compliant with Rule 1925(b)); ***Commonwealth v. Williams***, 959 A.2d 1252, 1256 (Pa. Super. 2008) (concluding that Williams' bald Rule 1925(b) statement that "[t]here was insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets … [t]hus [Appellant] was denied due process of law[]" was non-compliant with Rule 1925(b)).  Moreover, despite Appellant's reference in his 1925(b) statement to his post-trial motions, the parties' briefs in the trial court, and the trial court opinion, said documents cannot be incorporated by reference.  ***See Osteen***, ***supra***.  Therefore, we deem Appellant's sufficiency of the evidence challenges waived.[6]  ***See Garland***, ***supra***.

In his fourth issue, Appellant argues that the verdict was against the weight of the evidence.  Appellant's Brief at 30-33.  For the reasons that follow, we conclude Appellant's weight claim is meritless.

We begin by noting, "[a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court."

---

[6] Even if we were to reach the merits of Appellant's sufficiency claims, he would not be entitled to relief.  The Commonwealth presented sufficient evidence to support the above-mentioned charges.  After careful review of the record and the applicable law, we agree with the thorough analysis of the law and facts as developed by the Honorable Robert J. Eby in his December 20, 2013 opinion.  ***See*** Trial Court Opinion, 12/20/13, at 7-13.  Specifically, we conclude that reviewing the evidence admitted during the trial, along with any reasonable inferences in the light most favorable to the Commonwealth, supports the jury's verdict.  ***See Crawford***, ***supra*** at 404.

*Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted). An argument that the jury's verdict was against the weight of the evidence concedes that the evidence was sufficient to sustain the convictions. *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, *Lyons v. Pennsylvania*, 134 S. Ct. 1792 (2014). Our Supreme Court has recently admonished that "[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). Instead, "the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* (internal quotation marks and citation omitted). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice …." *Id.*

As an appellate court, it "is not [our role] to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (quoting *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003)). A trial court's determination that the jury's verdict was or was not against the weight of the evidence remains "[o]ne of the least assailable reasons for granting or denying a new trial …." *Id.* (citation omitted). "Thus, only where the facts

- 12 -

and inferences disclose a *palpable abuse of discretion* will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal." *Id.* (citation omitted; emphasis in original).

Here, Appellant first argues that the verdict was against the weight of the evidence because Pontius is the "real culprit, … [and] has gone unprosecuted." Appellant's Brief at 32 (contending "[h]ad [Pontius] revealed to Motorworld [sic] that the vehicle in question had been in an accident and had been repaired using parts from another vehicle, no harm would have come to any party[]"). Appellant also claims that his status as a convicted felon should have shocked the trial court's sense of justice. Appellant's Brief at 31.

It is axiomatic that the jury is the ultimate finder of fact at trial.

> [T]he veracity of a particular witness is a question which must be answered in reliance on the ordinary experiences of life, common knowledge of the natural tendencies of human nature, and observations of the character and demeanor of the witness. As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of a witness's credibility is reserved exclusively for the jury.

*Commonwealth v. Alicia*, 92 A.3d 753, 761 (Pa. 2014) (citation omitted). Likewise, "[t]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Feese*, 79 A.3d 1101, 1122 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

In this case, the jury heard evidence of Appellant's conduct in constructing and selling the Subject Vehicle, and found Appellant guilty of seven of the nine counts with which he was charged. We agree with the trial court that Appellant's attempts to divert the focus from his conduct are not persuasive.

> Neither of these arguments address[es] the weight of the evidence against *[Appellant]*. Instead, they seek to negate [Appellant's] personal responsibility by pointing to the lack of prosecution of another and by lamenting the consequences of [Appellant's] criminal activity upon his future life. Neither of these arguments is relevant to the inquiry before us: *What was the evidence against [Appellant]?*
>
> We find that [Appellant's] remaining convictions for Altered or Illegally Obtained Property, Deceptive or Fraudulent Business Practices, and False Swearing are amply supported by the weight of the evidence.

Trial Court Opinion, 12/30/13, at 14-15 (emphasis in original). Based on these considerations, we conclude the trial court did not commit a palpable abuse of discretion in deciding the jury's verdict was not against the weight of the evidence. **See Morales**, **supra**.

Based on the foregoing, we conclude all of Appellant's issues are waived or devoid of merit. Accordingly, the trial court's August 21, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judge Jenkins joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2014