J-A21019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JULIAN TONEATTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PANKAI SHETH, JAYPRAKASH | : | |
| SHETH, 501 HOSPITALITY | : | |
| MANAGEMENT, LAURA COOPER, JAY | : | No. 3505 EDA 2018 |
| SMITH | : | |
| | : | |
| Appellants | | |

Appeal from the Judgment Entered November 7, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-02679

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:               **FILED OCTOBER 28, 2019**

Appellants, Pankai Sheth, Jayprakash Sheth, 501 Hospitality Management, Laura Cooper, and Jay Smith, appeal from the order filed on November 7, 2018, entering an award in the amount of $60,754,24 in favor of Julian Toneatto (Toneatto), representing damages, pre-judgment interest, attorneys' fees, and costs for breach of an implied contract following a jury trial.[1]  Upon review, we affirm.

The trial court set forth a brief summary of the facts and procedural history of this case as follows:

> An attorney representing [Appellants] in connection with real property litigation in Lancaster County introduced them to []

---

[1]  This Court quashed Appellants' separate appeal from a November 2, 2018 order that denied their post-trial motion seeking a new trial.

Toneatto [] who is a registered professional engineer in Lafayette Hill, Montgomery County. After the introduction, [Toneatto] mailed to [Pankai] Sheth's home a proposal to provide expert engineering services. The proposal stated [Toneatto's] hourly rate, included provisions addressing late fees, interest and attorneys' fees and specified that [Toneatto] would take direction from the attorney. [Toneatto] requested that [Pankai] Sheth sign the document and submit an initial payment of $3,000.00.

[Toneatto] received back the proposal and the requested check. The check came from Jay Smith[, Appellants' agent from 501 Hospitality Management (501)]. [Toneatto] did not notice at the time that [Pankai] Sheth had not signed the proposal. Nevertheless, the check cleared and the attorney representing Appellants advised [Toneatto] to start his work. During that work, [Toneatto] sent invoices to [Pankai] Sheth at his home and to [Jay] Smith on behalf of 501. He also sent his expert report to [Pankai] Sheth's home and two supplemental reports to the attorney representing [Appellants].

[Appellants] did not make any payments other than the initial retainer. [Toneatto] filed a *pro se* complaint [in the trial] court before retaining counsel. The matter proceeded to trial, at which a jury found in favor of [Toneatto], and against [Appellants], and awarded him $18,723.00 in damages.

[Appellants] filed a [m]otion for [n]ew [t]rial or [j]udgment [notwithstanding verdict (JNOV)], which [the trial] court denied by [o]rder dated November 2, 2018. [Toneatto] also filed a post-verdict motion, seeking pre-judgment interest, attorneys' fees and costs. [The trial c]ourt granted the motion in an [o]rder dated November 7, 2018, entering [total] judgment for [Toneatto] in the amount of $60,754.24.

[Appellants] appealed both orders and later produced a court-ordered [concise] statement of [errors complained of on appeal] under Pennsylvania Rule of Appellate Procedure 1925(b). [Appellants] also filed a [supplemental Rule 1925(b), which the trial court accepted despite Appellants' failure to request permission to do so. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 22, 2019.]

Trial Court Opinion, 1/22/2019, at 1-3 (footnotes and record citations omitted).

On appeal, Appellants present the following issues for our review:

1.  Is it error to ignore a lack of service?

2.  Is it error to ignore the Dead Man Rule?

3.  Is it error to ignore spoliation?

4.  Is it error to ignore a lack of "Meeting of the Minds"?

5.  Is it error to ignore hearsay?

6.  Is it error to ignore jury speculation?

7.  Is it error to ignore a failure to reply to New Matter?

8.  Is it error to ignore the Corporation Defense?

9.  Is it error to ignore the failure to sue the right corporation?

10. Is it error to ignore evidence or lack of evidence?

Appellant's Brief at 3 (verbatim).

While Appellants present ten issues as set forth above, they essentially argue that there was insufficient evidence to support a jury finding that Appellants entered into an enforceable contract with Toneatto and, therefore, they were entitled to JNOV. Appellants' Brief at 6-8. More specifically, Appellants claim that: (1) Toneatto failed to produce evidence of proper service of the complaint; (2) it was error to allow the introduction of testimony from Jay Smith, Appellants' purported agent, because Smith died prior to trial; (3) Toneatto either failed to produce the $3,000.00 retainer check he allegedly received or he engaged in spoliation of that evidence; (4) Toneatto failed to

produce any documents showing a meeting of the minds for interest or attorneys' fees for breach of the alleged contract; (5) the entire case was based upon hearsay; (6) Toneatto failed to produce evidence that his work was fair, reasonable, and necessary; (7) Toneatto admitted that he did not produce evidence that his work was fair, reasonable, and necessary when he failed to reply to new matter; (8) Pankai Sheth is an officer of 501 Hospitality Management, LLC and not personally liable for the corporation's contracts; (9) Toneatto sued the wrong entity, 501 Hospitality Management rather than 501 Hospitality Management, **LLC**; (10) the trial court "found non existent circumstances to prove that an unsigned contract is in fact a contract." *Id.* at 6-7 (emphasis added).

Preliminarily, in this appeal, we note that of the ten claims listed in Appellants' brief, only the eighth and ninth issues are included in their Rule 1925(b) statement and supplemental Rule 1925(b) statement. In those concise statements, Appellants also generally claimed that the unsigned proposal was not evidence of a contract. As such, we conclude that Appellants properly presented and preserved appellate issues eight through ten as set forth above. Appellants' first seven issues were not presented to the trial court, cannot be raised for the first time on appeal, and, therefore, are waived. *See* Pa.R.A.P. 1925(b)(vii) (issues not included in a statement of concise errors complained of on appeal are waived); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 4 -

Regarding the issues preserved for appeal, in sum, Appellants argue:

8.    CORPORATION DEFENSE

As a matter of law[,] [Pankai] Sheth is an officer of 501 Hospitality Management LLC and is not liable for the [c]orporation's contracts.  At no time did [Toneatto] perform work on [Pankai] Sheth's home.  This action against [Pankai] Sheth should have been dismissed*.  **First Realvest v. Avery Builders Inc.**, 600 A.2d [600, 602 (Pa. Super. 1991)].

9.    CORRECT CORPORATION

[Toneatto] sued 501 Hospitality Management and not 501 Hospitality Management, LLC.   In a recent [unpublished memorandum] by the Superior Court it was made clear that the correct corporation must be sued. **Copy Copy v. KDI**, 3851 EDA 2017, December 19, 2018.  [Toneatto] failed to produce the evidence of the correct corporation or the correct status of the business.  The judgment is void.

10.   LOWER COURT'S OPINION

When one reads the [trial c]ourt opinion it is clear that the [c]ourt did not address the above issues, any[] one of which could have been used to dismiss [Toneatto's] action.  Instead the [c]ourt found non existent circumstances to prove that an unsigned contract is in fact a contract.  This is clearly an error of law, many times.

Appellants' Brief at 7.

Preliminarily, we must comment on the woefully inadequate brief that Appellants have submitted on appeal. An appellate court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate Procedure.  **See** Pa.R.A.P. 2101 (where "defects in the brief [] of the appellant [] are substantial, the appeal or other matter may be quashed or dismissed.").   As shown above, counsel for Appellants has not adhered to our rules of appellate procedure, by failing to:

(1) discuss the legal citations deemed pertinent; (2) give a synopsis of the evidence on point; (3) cite binding authority in support of their last two issues, relying instead upon an unpublished memorandum of this Court filed before May 1, 2019; and (4) refer to the certified record in support of their arguments. **See** Pa.R.A.P. 2119(a)-(d); Pa.R.A.P. 126. Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007); **Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."); **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014) ("[W]here an appellate brief fails to ... develop an issue in [a] meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him."); **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998) (finding claims waived where there was a "lack of factual background and citation to the record, coupled with the anemic state of the argument portion of [Miller's appellate] brief"). Thus, we conclude that Appellants failure to develop their appellate arguments results in waiver of their current claims.

Even if we did not find Appellants' issues waived, there is no merit to Appellants' claim that the trial court erred or abused its discretion in finding breach of a contract implied-in-fact. Our standard of review is as follows:

The propriety of a JNOV is a question of law, and therefore, our scope of review is plenary. When the denial of JNOV is challenged on the basis that the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant, as here, this Court reviews the evidentiary record and must conclude that the evidence was such that a verdict for the movant was beyond peradventure. Moreover,

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner.

Our standards of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a JNOV only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.

*Corvin v. Tihansky*, 184 A.3d 986, 990 (Pa. Super. 2018) (internal citations, brackets, and quotations omitted).

This Court has previously determined:

A contract implied-in-fact arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances. An implied contract may be found to exist where the surrounding circumstances support a demonstrated intent to contract.

*Discover Bank v. Stucka*, 33 A.3d 82, 88 (Pa. Super. 2011) (internal citations and quotations omitted).

"It is the province of the jury to assess the worth of all testimony presented." *Carroll v. Avallone*, 939 A.2d 872, 874 (Pa. 2007) (citation omitted). "The jury is free to believe all, some, or none of the witness testimony presented at trial." *Id.*

- 7 -

In this matter, the trial court concluded:

> Here, the evidence [established that Toneatto made] an offer to provide engineering services to [Appellants] by mailing a proposal directly to [Pankai] Sheth. [Appellants], through Jay Smith acting on behalf of 501, accepted the proposal by providing the initial $3,000.00 payment. [Toneatto] then provided services to [Appellants] at the direction of their then-counsel, yet [Appellants'] failed to pay. While [Pankai] Sheth did not sign the proposal, the jury was free to conclude that [Appellants'] subsequent actions, including the initial payment, showed their intent to contract with [Toneatto]. [Appellants], therefore, are not entitled to relief on a challenge to the jury's determination that they breached a contract with [Toneatto]. Because the evidence supports the jury's determination that [Appellants] breached their agreement with [Toneatto], [the trial] court [] awarded [Toneatto] costs, as well as contractual interest and attorneys' fees.

Trial Court Opinion, 1/22/2019, at 4 (footnote incorporated).

Upon review of the certified record, we discern no abuse of discretion or error of law in denying relief on Appellants' claim that the trial court relied upon "non existent circumstances to prove that an unsigned contract is in fact a contract." The jury was free to infer Appellants' intent to contract with Toneatto from all of the surrounding circumstances. Appellants paid Toneatto's proposed retainer and then directed him to provide specific engineering services. Toneatto provided those services and Appellants failed to pay for them. Based upon the evidence presented, the jury was free to determine that Appellants breached a contract implied-in-fact.

Finally, we reject Appellants' arguments that Toneatto sued the wrong corporation or that Pankai Sheth, as an officer of 501 Hospitality Management, is not liable for the corporation's contracts. The trial court noted that

Appellants attempted to present a purported certificate of organization for 501 Hospitality Management, LLC as an attachment to their supplemental Rule 1925(b) statement. Trial Court Opinion, 1/22/2019, at 3 n.4. This information was never presented to the jury, so the trial court determined "it has no relevance to the instant appeal." *Id.* Appellants simply did not provide trial evidence of the alleged "correct corporation." Moreover, regarding Pankai Sheth's capacity and amenability to suit, Appellants filed a motion for summary judgment seeking a determination that, as a matter of law, it was improper to sue officers of a corporation. However, the trial court denied relief by order entered on August 3, 2018, because the motion for summary judgment was untimely. Thereafter, at a sidebar conference during trial, Appellants raised the issue again. Toneatto argued that he was "not seeking any sort of liability against [Pankai] Sheth in his capacity as an officer of 501." N.T., 8/14/2018, at 117. Toneatto argued that he sent a proposal directly to Pankai Sheth, received payment, and was "led to believe that he's working on behalf of Pankai Sheth personally." *Id.* We agree with this assessment. The captions on the original *pro se* complaint, amended complaint, trial court filings, and appeal filings all separately list Pankai Sheth in his individual capacity. As such, Appellants' eighth and ninth issues presented on appeal have no merit.

Accordingly, while Appellants have waived all of the issues presented on appeal,[2] for the foregoing reasons, there is otherwise no merit to them.

Judgment affirmed.  Application for relief denied.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/19

---

[2]  On September 3, 2019, after this Court's briefing schedule expired and oral argument in this Court concluded, Appellants filed an application for relief requesting to reply to Toneatto's appellate brief.  In that submission, Appellants contend that they did not waive their appellate issues.  Appellants claim that their Rule 1925(b) statements referred to various motions and memoranda previously filed with the trial court, thereby preserved the issues on appeal.  **See** Appellants' Request to Reply, 9/3/2019, at 3.  This Court, however, has concluded that other documents may not be incorporated by reference into a Rule 1925(b) statement. **Commonwealth v. Osteen**, 552 A.2d 1124, 1126 (Pa. Super. 1989); **see also Commonwealth v. Smith**, 955 A.2d 391, 393 n.5 (Pa. Super. 2008); **Commonwealth v. Dodge**, 859 A.2d 771, 774 (Pa. Super. 2004) (expressing disapproval of the appellant's incorporation by reference of post sentence motions in his 1925(b) statement), *vacated on other grounds*, 935 A.2d 1290 (Pa. 2007).  Moreover, because this Court heard oral argument on the matter before the request was made, it was untimely. Thus, we deny Appellants relief on their application to reply.