[J-75-2021] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 791 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | September 22, 2020 in the Court of |
| | : | Common Pleas, Monroe County, |
| v. | : | Criminal Division at No. CP-45-CR- |
| | : | 0001137-2009. |
| | : | |
| MICHAEL JOHN PARRISH, | : | SUBMITTED: September 14, 2021 |
| | : | |
| Appellant | : | |

## DISSENTING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: April 28, 2022**

The majority orders a "remand for the introduction of evidence and legal argument" on "Parrish's claim that initial PCRA counsel was ineffective for not advancing his (Parrish's) claim that trial counsel were ineffective for failing to consult with Parrish regarding his appellate rights[.]" Majority Opinion at 2-3, 26. However, this claim is waived because Parrish did not raise it in his most recent statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b) ("Corrected 1925(b) Statement"). Accordingly, Parrish is not entitled to a remand on this issue, and I must respectfully dissent.

Rule 1925(b) requires the statement of errors complained of on appeal to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "[T]he [s]tatement should be sufficiently specific to allow the judge to draft the opinion[.]" Pa.R.A.P. 1925

Note Subparagraph (b)(4). While "[e]ach error identified in the [s]tatement will be deemed to include every subsidiary issue that was raised in the trial court[,] this . . . does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal." Pa.R.A.P. 1925(b)(4)(v).

As this Court emphasized the last time this case was before us, appellants must "strictly comply with the provisions of Rule 1925(b)[.]" *Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020). "[S]trict compliance with Rule 1925(b) promotes uniformity in the appellate review process, and ensures that each litigant ordered to file such a statement receives the same opportunity for appellate review." *Id.* at 701. In addition, "Pa.R.A.P. 1925(b)(4)(ii) . . . plays a vital role in facilitating the appellate process." *Id.* at 700. The specific identification of errors in the Rule 1925(b) statement "aid[s] trial judges" in drafting opinions that "identify[ ] and focus[ ] upon those issues which the parties plan to raise on appeal." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998). Moreover, trial court opinions addressing the issues on appeal assist appellate courts by providing "explication and guidance on th[e] issues from the judicial entity most familiar with the matter[,]" and help the parties by providing "meaningful context within which to make their arguments on appeal, particularly as to discretionary matters." *Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005).

Importantly, Rule 1925(b) provides, in no uncertain terms: "[i]ssues not included in the [s]tatement and/or not raised in accordance with the provisions of . . . paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). "[W]aiver under Rule 1925 is automatic." *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002). "[T]he courts lack the authority to countenance deviations from the Rule's terms[, and] the Rule's provisions are not

subject to *ad hoc* exceptions or selective enforcement[.]" *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011), *disapproved on other grounds*, *Commonwealth v. Bradley*, 261 A.3d 381, 400 (Pa. 2021). In addition, "Rule 1925 violations may be raised by the appellate court *sua sponte*[.]" *Id.* As this Court explained in *Butler*, if we were to accept the position a Rule 1925(b) waiver can be enforced only if raised by a party, "courts would be constrained to selectively enforce the Rule based upon the arguments of parties, which would subvert the purpose and effectiveness of Rule 1925." *Butler*, 812 A.2d at 634.

Here, Parrish's Corrected 1925(b) Statement claimed in pertinent part:

Trial and appellate counsel ineffectively failed to **file** a [n]otice of [a]ppeal on Mr. Parrish's behalf, thereby denying him of his statutory rights and his rights under the Sixth, Eighth and Fourteen Amendments and Article I, [Section] 9 to a full and proper appellate review of his conviction and capital sentence on direct appeal. Third Amended PCRA, Count XVII. Instead, the Pennsylvania Supreme Court determined that he had waived all but the statutorily required matters for appeal. PCRA counsel was ineffective for failing to present all available evidence and law in support of Mr. Parrish's right to reinstatement of his direct appellate rights nunc pro tunc.

Corrected 1925(b) Statement, 7/6/20, ¶17 (emphasis added). The statement thus raised the issue of whether initial PCRA counsel was ineffective for not developing the claim that trial counsel were ineffective for not **filing** a notice of appeal. This issue is both factually and legally distinct from the issue the Majority deems to warrant remand: whether initial PCRA counsel was ineffective for not developing the claim that trial counsel were ineffective for not **consulting** with Parrish regarding his appellate rights. Indeed, Parrish himself acknowledges an ineffectiveness claim premised on the failure to file an appeal is "different" from one based on the failure to consult with the client regarding an appeal. *See* Appellant's Brief at 47 ("While PCRA counsel attempted to present the claim of abandonment and failure to consult, presented above and in the Third Amended Motion,

counsel largely presented a different claim – counsel ineffectiveness for failure to file notice of appeal when requested by the defendant under *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999) – in his post-hearing brief, and it was this second casting of the claim that the lower court rejected.").[1]  The Majority also recognizes these claims are distinct, and in particular notes they are subject to different prejudice standards.  *See* Majority Opinion at 25 ("Unlike cases involving a failure to file a requested appeal for which prejudice is presumed, a failure to consult with the defendant does not constitute ineffectiveness *per se*.  Instead, where the defendant shows that counsel failed to consult regarding an appeal, 'a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'"), *quoting Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).  Parrish's omission of the distinct failure-to-consult issue from his Corrected 1925(b) statement renders this issue automatically waived.  *See Butler*, 812 A.2d at 633.

The majority argues "[t]his position overlooks that a failure to consult argument, at base, must assert that counsel failed to file an appeal that would have been requested." Majority Opinion at 16 n.9.  Respectfully, the question before this Court is not whether a failure-to-consult argument includes a claim of a failure to file an appeal but the opposite: whether the narrow allegation counsel "ineffectively failed to file a [n]otice of [a]ppeal on Mr. Parrish's behalf" includes the failure-to-consult issue.  Corrected 1925(b) Statement, 7/6/20, ¶17.  The answer is clearly no.  The failure-to-file issue does not "encompass[ ]" the issue of a failure to consult, such that the latter issue may be deemed a "'subsidiary

---

[1] It is ironic present PCRA counsel criticizes prior PCRA counsel for placing insufficient emphasis on the failure-to-consult issue when he omitted this issue entirely in the Corrected 1925(b) Statement.

issue'" raised by the statement. Majority Opinion at 16 n.9, *quoting* Pa.R.A.P. 1925(b)(4)(v). Claiming ineffectiveness for failure to file an appeal does not include and subsume the allegation of ineffectiveness for failure to consult with a client about his or her appellate rights. Simply because an appeal was not filed does not mean there was inadequate consultation. On the contrary, there can be effective consultation without filing, as the Supreme Court has specifically recognized. *See Roe*, 528 U.S. at 478 ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.").[2]

The Majority additionally contends "Parrish's assertion that trial counsel failed to file an appeal was supplemented by his assertion in paragraph 17 of his 1925(b) statement referencing PCRA counsel's ineffectiveness for failing to develop the evidence and law to support nunc pro tunc reinstatement of appellate rights and his citation to Count XVII of the Third Amended PCRA Petition[.]" Majority Opinion at 16 n.9; *see also id.* at 20 (arguing Parrish "raised" failure-to-consult claim when "[h]e asserted that initial 'PCRA counsel was ineffective for failing to present all available evidence and law in support of Mr. Parrish's right to reinstatement of his direct appeal rights nunc pro tunc'"), *quoting* Corrected 1925(b) Statement, 7/6/20, ¶17. Yet there is nothing in Parrish's allegation of PCRA counsel ineffectiveness to suggest it was not likewise premised on the failure to

---

[2] The majority notes *Flores-Ortega* "fram[ed] [the] issue as [an] 'ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without respondent's consent.'" Majority Opinion at 16 n.9, *quoting Flores-Ortega*, 528 U.S. at 473. The Supreme Court in *Flores-Ortega*, unlike this Court here, was not bound by the strict waiver requirements of Rule 1925(b). Moreover, the claim that counsel's failure to file a notice of appeal occurred "without respondent's consent" implicates the failure to consult. Parrish's Corrected 1925(b) Statement includes no such allegation.

file an appeal. Nunc pro tunc relief is not reserved for failure-to-consult claims only; it is the remedy for successful failure-to-file claims as well. *See Commonwealth v. Hairston*, 84 A.3d 657, 661-62 (Pa. 2014) (noting that *Lantzy* "permitt[ed] the restoration of appellate rights nunc pro tunc as a remedy for counsel's ineffectiveness for failing to file a direct appeal"). Parrish's follow-on assertion of ineffective assistance of initial PCRA counsel was merely a derivative claim of ineffectiveness regarding the failure-to-file trial counsel ineffectiveness claim he raised two sentences previously.

Moreover, Parrish's bare, unelaborated citation to Count XVII of his Third Amended PCRA Petition was insufficient to raise the failure-to-consult issue. The cross-reference to Count XVII immediately follows the allegation of a failure to file an appeal, and there is no indication it is meant to raise a different issue. Indeed, Count XVII, which is miscaptioned "Ineffectiveness of counsel – Forensic Evidence[,]" includes repeated allegations counsel was ineffective for not filing a notice of appeal. *See* Third Amended PCRA Petition, 9/21/15, ¶¶475, 487, 490. More fundamentally, Rule 1925(b) does not permit incorporation of issues by reference. *See Commonwealth v. Osteen*, 552 A.2d 1124, 1126 (Pa. Super. 1989) ("We agree with the trial court that appellant's incorporation by reference of appellant's Motion for Reconsideration of Sentence in the purported Pa.R.A.P. 1925(b) statements failed to comply with the letter or spirit of Pa.R.A.P. 1925(b)."). Rather, all issues must be included in the statement itself, on pain of waiver. *See Parrish*, 224 A.3d at 693 ("[A]ll appellants must file a Rule 1925(b) statement, if ordered to do so by the trial court, enumerating **all issues** they wish to have the appellate

court consider, or those issues will be deemed waived for appellate review.") (emphasis added).[3]

In sum, the failure-to-consult PCRA counsel ineffectiveness claim remanded by the Majority is not included in Parrish's Corrected 1925(b) Statement. Consequently, I believe we are obliged to find this issue waived, regardless of past waivers in the case,[4] or the potential substantive merit of the waived issue. Rule 1925(b)'s strict waiver mandate brooks no exception in this context. Because a waived issue should not be remanded for further development, I respectfully dissent.

Justice Mundy joins this dissenting opinion.

Justice Brobson joins this dissenting opinion.

---

[3] The Majority notes "Rule 1925(b)(4) allows an appellant to cite to the record to identify where the basis for the challenge may be found." Majority Opinion at 16 n.9, *citing* Pa.R.A.P. 1925 (b)(4), Note. It is true the **basis** for a legal challenge can be referenced by citation to the record. *See* Pa.R.A.P. 1925 Note Subparagraph (b)(4) ("This subparagraph also allows -- but does not require -- an appellant to state the authority upon which the appellant challenges the ruling in question and to identify the place in the record where the basis for the challenge may be found."). But the challenge itself must be actually articulated in the Rule 1925(b) statement. Per the express terms of Rule 1925(b), citation to the record can be a voluntary supplement to, but not a replacement for, identification of each error in the statement. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement **shall** concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.") (emphasis added).

[4] The prior Rule 1925(b) waiver in this case waived "all appellate issues[.]" *Parrish*, 224 A.3d at 700. Accordingly, the Court concluded counsel's error "constitute[d] ineffective assistance of counsel *per se*[,]" and that "remand to the lower court [was] the appropriate remedial action[.]" *Id.* at 702. The waiver identified here, on the other hand, implicates only the failure-to-consult issue.