534 A.2d 1103

**COMMONWEALTH of Pennsylvania**

v.

**Gary MORAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 8, 1987.

Filed Dec. 21, 1987.

Douglas M. Johnson, Assistant Public Defender, College-ville, for appellant.

Mary M. Killinger, Assistant District Attorney, Norris-town, for Com., appellee.

Before OLSZEWSKI, KELLY and MONTGOMERY, JJ.

KELLY, Judge:

Appellant, Gary Moran, petitions for allowance of appeal from the discretionary aspects of sentence. We deny allowance of appeal.

On October 7, 1982, the appellant pled guilty to a violation of the Controlled Substance, Drug, Device and Cosmetic Act. He was sentenced to five (5) years probation, conditioned upon his entrance into and completion of an in-patient drug and alcohol program.

On October 3, 1983, the appellant pled guilty to retail theft (third and subsequent offense), a felony of the third degree, and retail theft (second offense). Appellant was sentenced to two (2) years probation with respect to the charge of retail theft (second offense) and five (5) years probation with respect to the charge of retail theft (third and subsequent). Each of these sentences was conditioned upon appellant's entrance into and completion of an in-patient drug and alcohol program. In addition, appellant stipulated to violating the October 7, 1982 probationary sentence. On October 3, 1983, this sentence was revoked and a sentence of five (5) years probation was reimposed upon the appellant with the aforementioned drug and alcohol program contingency.

On April 3, 1985, appellant appeared before the trial court as the result of a violation of the probationary sentences

imposed on October 3, 1983. The court found appellant in violation of the October 1983 sentence of probation, and on May 3, 1985, sentenced appellant to a new five (5) year probation sentence on the retail theft (third and subsequent) conviction, a concurrent five (5) year probation sentence on the Controlled Substance, Drug, Device and Cosmetic Act conviction, and a new two (2) year probation on the retail theft (second offense) conviction.

On October 6, 1986, the appellant again appeared for new probation violations. The court determined that the violations in question did not warrant a revocation of his existing probation sentences.

On February 26, 1987, the appellant appeared yet again and stipulated to having violated his probation. He was remanded to the Montgomery County Prison without bail. On May 6, 1987, subsequent to a review of appellant's Pre–Sentencing Investigation Report, the court sentenced appellant to serve not less than three and one-half (3½) nor more than seven (7) years in total confinement with respect to the retail theft (third and subsequent) conviction. Appellant received a concurrent one (1) to two (2) year sentence on the retail theft (second offense) conviction, and a five (5) year probationary sentence commencing upon discharge from prison with respect to the drug conviction.

We note that appellant has satisfied the initial procedural prerequisites for properly raising a challenge to the discretionary aspects of his sentence as set forth by our Supreme Court in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); nonetheless, appellant has failed to raise the appearance of a substantial question for our review. *See* 42 Pa.C.S.A. § 9781(b). Appellant contends that his sentence of three and one-half (3½) to seven (7) years relating to his retail theft (third and subsequent) conviction is manifestly excessive due to the alleged failure of the trial court to *adequately consider* his history of alcohol and drug abuse as a mitigating factor. The appellant concedes that these factors were considered (see N.T. 5/6/87 at 17–23); appellant argues essentially that the trial court failed to give

them *adequate* weight. The consideration of the weight to be given these factors is a matter consigned to the discretion of the trial court; absent extraordinary circumstances not present here, we will decline to grant allowance of appeal upon such grounds.

Allowance of appeal denied.

MONTGOMERY, J., concurs in the result.