J-S16001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
               v.              :
                               :
                               :
JACK EDWARD SATTERFIELD        :
                               :
           Appellant           :   No. 1521 MDA 2021

Appeal from the Judgment of Sentence Entered October 4, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005794-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED:  MAY 31, 2022**

Jack Edward Satterfield appeals from his judgment of sentence following the resentencing mandated by our Supreme Court in ***Commonwealth v. Satterfield***, 255 A.3d 438 (Pa. 2021). There, the High Court vacated Satterfield's original judgment of sentence after determining that the sentences for two of the three hit-and-run counts to which Satterfield pleaded guilty were illegal. The Court remanded to the sentencing court for resentencing. After the court imposed a new sentence, Satterfield filed this appeal and once again argues that the sentencing court illegally resentenced him on two of the three hit-and-run counts. We agree, and vacate the judgment of sentence on those two counts. However, because this illegality

_____

[*] Retired Senior Judge assigned to the Superior Court.

will not upset the sentencing court's overall sentencing scheme, and because we find that Satterfield's remaining claim challenging the discretionary aspects of his sentence lacks merit, we otherwise affirm his judgment of sentence.

The facts of this case are not in dispute, but are important to the resolution of this appeal. We borrow liberally from the Supreme Court's recitation of the facts. Satterfield was driving a partially-loaded tractor trailer from New Jersey to Wisconsin on October 12, 2018. He stopped at a restaurant in New Jersey for dinner, where he drank three margaritas and a beer. He then purchased a six-pack of beer and a bottle of liquor and resumed his trip. The video from the cab of the tractor trailer showed Satterfield drinking the alcohol while driving. As he was traveling on the highway in Dauphin County, Pennsylvania, at approximately 8:30 p.m., Satterfield approached multiple vehicles stopped at a construction site. Without reducing his speed, which was approximately 67 miles per hour, Satterfield crashed into a number of the stopped vehicles.

The crash killed three people and injured numerous others. Two of the people who died, a young father and his baby daughter, were in a single car that became engulfed in flames. The other person who died, a 22 year-old college student, was in a separate car and sustained fatal traumatic injuries from the impact of the accident.

Satterfield survived the crash, and once the tractor trailer came to a stop, he climbed out of the cab through the window and fled to a parking lot

of a nearby hotel. The police were able to apprehend Satterfield later that evening, and they noticed he smelled of alcohol and that his speech was slurred. He consented to a blood alcohol test, which revealed a blood alcohol content of .152 %.

Satterfield entered into an open guilty plea to multiple offenses, including three counts of homicide by vehicle while driving under the influence and three counts of homicide by vehicle. He also pleaded guilty to three counts of violating 75 Pa.C.S.A. § 3742, the so-called hit-and-run statute requiring a driver involved in an accident resulting in injury or death to stay at the scene of the accident until statutorily excused to leave.[1] Each of these three counts for violating Section 3742 named one of the persons killed in the accident.

Following the ordering of a pre-sentence investigation ("PSI") report and a lengthy sentencing hearing, which included victim impact statements, testimony from the victims' families and the reading of excerpts from

_____

[1] In relevant part, the text of Section 3742 provides:

**§ 3742. Accidents involving death or personal injury**

**(a)    General Rule.--** The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirement of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S.A. § 3742(a).

character letters written on behalf of Satterfield, the court sentenced Satterfield to an aggregate term of 28 ½ to 63 years' imprisonment. That sentence included consecutive terms of three to six years' incarceration on the three Section 3742 convictions, based on the trial court's "[r]easoning that Satterfield left the scene, leading to the deaths of three individuals." *Id.* at 441, *quoting* Trial Court Opinion, 11/6/2019, at 1-2.

Satterfield appealed, challenging the imposition of the three sentences on the Section 3742 counts on the basis that there had been only one accident from which he could leave, regardless of the number of victims at that accident. He argued that because he could violate Section 3742 only once, the court had illegally sentenced him on three counts for violating that statute. This Court rejected Satterfield's argument, and affirmed Satterfield's judgment of sentence.

Our Supreme Court reversed, holding that "[t]he plain language of Section 3742 directs that a driver who leaves the scene of an accident before being statutorily excused may only be punished for one violation of Section 3742, regardless of the number of persons killed or injured." *Id.* at 451. The Court therefore held that two of Satterfield's three hit-and-run sentences were illegal. It vacated his judgment of sentence and, because its decision risked upsetting the trial court's overall sentencing scheme, the High Court remanded to the sentencing court for resentencing. *See id.*

- 4 -

On remand, the same sentencing court once again held a sentencing hearing, during which the victims' families testified and Satterfield read a statement he had written. The PSI report and defense counsel's mitigation memorandum were also incorporated into the record. Following the hearing, the court resentenced Satterfield to an aggregate term of 27 to 54 years' incarceration. In doing so, the court increased Satterfield's sentence on the three homicide by vehicle counts to concurrent terms of three to six years, up from the original sentence of one and one-half to five years' incarceration. Regarding the original three counts for violating Section 3742, which were counts 7, 8, and 9, the court resentenced Satterfield as follows:

> On the accident involving death or personal injury, impose a sentence of 3 to 6 years. Count 7 will run consecutive to Counts 1 to 6.
>
> Count 8 and Count 9, impose three to six years concurrent to each other and concurrent to Count 7, based on the Supreme Court opinion.

Sentencing Order, 10/6/21, at 2.

Satterfield filed a post-sentence motion to modify the sentence, challenging the discretionary aspects of his sentence, which the sentencing court denied. Satterfield filed a timely notice of appeal and complied with the court's directive to file a 1925(b) statement. In his statement, Satterfield once again challenged the discretionary aspects of his sentence, arguing it was manifestly excessive and unreasonable. The trial court issued a 1925(a)

opinion, explaining its reasons for the sentence it gave and why the sentence did not represent an abuse of its discretion.

In his appellate brief to this Court, Satterfield once again renews his challenge to the discretionary aspects of his sentence. However, he also claims for the first time that his resentence on the three counts of violating Section 3742 was illegal. Specifically, he raises the following two issues:

> I. Was not the court's imposition of separate sentences on three counts of 'accidents involving death or personal injury,' although done concurrently, still illegal because the statute contemplates a single offense for each accident regardless of the number of persons killed or injured in such an accident?

> II. Were not the imposition of an aggregate sentence of [ ] 27-to-54 years as well as the individual component sentences clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Satterfield's] rehabilitative needs?

Appellant's Brief at 6 (unnecessary capitalization and double spacing omitted).

We address Satterfield's issue regarding the legality of his sentence first. In doing so, we note that although the sentencing court was not given the opportunity to address this issue because it was never raised before it, a claim challenging the legality of a sentence cannot be waived and may be reviewed for the first time on appeal. **See Commonwealth v. Rosario**, 248 A.3d 599, 615-616 (Pa. Super. 2021), *appeal denied,* 262 A.3d 1258 (Pa. 2021).

Satterfield claims that under the Supreme Court's decision in **Satterfield**, it was illegal for the sentencing court to resentence him to separate sentences on three separate counts of violating Section 3742, even

- 6 -

though they were concurrent sentences and did not affect his aggregate sentence. Specifically, he argues:

> [In **Satterfield**, the Supreme Court] held that there can only be a single charge of hit-and-run per accident under Section 3742:
>
> > As we conclude that the unit of prosecution for the crime of hit-and-run in Section 3742 is the act of leaving the scene of an accident without first rendering aid and providing information as required by Section 3744, we must also conclude that Satterfield only violated this criminal provision once. There was only one accident scene at which Satterfield had a legal duty to remain, and he left that scene before being statutorily excused (pursuant to the dictates of Section 3744). Upon leaving that scene, Satterfield violated Section 3742 only one time and thus may only be sentenced for that *single violation.*
>
> [**Id**. at 449-450 (emphasis added in Appellant's Brief)].
>
> Accordingly, the Pennsylvania Supreme Court remanded this case for resentencing because it was illegal to sentence [ ] Satterfield on three counts of [violating Section 3742]. In effect, it was illegal for the Commonwealth even to <u>charge</u> three separate counts. …
>
> At the resentencing hearing, the lower court again imposed sentences for three counts of the offense, albeit concurrently. Although an academic matter, [ ] Satterfield claims that [it] was illegal for the court to impose even concurrent sentences on three counts of the offense.

Appellant's Brief at 22-23 (underline in original).

We agree. Under **Satterfield**, Satterfield could only be convicted of one count of violating Section 3742, and sentenced on that one count. **See Satterfield**, 255 A.3d at 447 (stating that "[o]nly a single conviction and resulting punishment may be imposed for a single unit of prosecution"). We

therefore vacate Satterfield's judgment of sentence for two of the three counts of violating Section 3742.

We next consider Satterfield's claim challenging the discretionary aspects of his sentence. Although not presented in the clearest of manners, Satterfield essentially argues that when resentencing him, the court abused its discretion by focusing on the nature of the crime, without duly considering the mitigating circumstances he presented and his rehabilitative needs. This, according to Satterfield, resulted in an excessive and unreasonable sentence. We note at the outset that because Satterfield's guilty plea was an open one, he is not precluded from bringing a claim that the court abused its discretion in sentencing him. *See Commonwealth v. Coles*, 530 A.2d 453, 457 (Pa. Super. 1987).

When an appellant raises a claim challenging the discretionary aspects of his sentence, as Satterfield does here, this Court will only review the claim if the appellant shows he filed a timely notice of appeal, properly preserved his claim at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (setting out these requirements and defining a substantial question as one where the appellant advances a colorable argument that the sentencing court's actions

were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process).

We find that Satterfield has sufficiently met these requirements here. He filed a timely appeal, preserved his claim in a post-sentence motion and included a Rule 2119(f) statement in his brief. While Satterfield's Rule 2119(f) statement seems to conflate the threshold substantial question issue with the merits of his discretionary aspects of his sentence claim, his statement does cite a series of cases supporting his contention that his claim that the court placed undue emphasis on the nature of the crime without giving due weight to mitigating circumstances and his rehabilitative needs presents a substantial question. *See, e.g., Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (stating that a claim the court based its sentence only on the seriousness of the offense, without considering mitigating factors and a defendant's rehabilitative needs, raises a substantial question).

We therefore proceed to the merits of Satterfield's claim challenging the discretionary aspects of his sentence, mindful of our standard of review that we will not disturb a sentence unless we find the sentencing court committed a manifest abuse of discretion. *See Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019). In reviewing a record to determine whether the sentencing court abused its discretion, the Sentencing Code directs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings

and the court's opportunity to observe the defendant; and the sentencing guidelines. *See* 42 Pa. C.S.A. § 9781(d).

The Sentencing Code also instructs sentencing courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). The balancing of these sentencing factors is solely within the province of the sentencing court. *See Lekka*, 210 A.3d at 353. Likewise, the weight accorded to any mitigating or aggravating factors presented to the sentencing court is within the court's exclusive domain. *See Commonwealth v. Chilquist*, 548 A.2d 272, 274 (Pa. Super. 1988).

Here, Satterfield recognizes that because his sentence was within the sentencing guidelines, he must show the sentence was clearly unreasonable in order for this Court to vacate it. *See* Appellant's Brief at 26; 42 Pa.C.S.A. § 9781(c)(2). To that end, Satterfield essentially claims the sentencing court abused its discretion by focusing solely on what it described as the "horrific" nature of Satterfield's criminal conduct while failing to adequately consider the mitigating circumstances he presented and his rehabilitative needs.

Contrary to Satterfield's claim, the trial court did not focus solely on the nature of the crime in sentencing him. While Satterfield is correct that the trial court showed a video of the accident at resentencing and described the crime as both "horrific" and "horrendous," it is clear from the record that the court

considered other factors, including mitigating circumstances and Satterfield's rehabilitation needs, when sentencing him.

First of all, the court incorporated the PSI into the record of the resentencing hearing. Although this Court has stated it is presumed a court will consider the information and mitigating factors in a PSI report when one is presented, **see Commonwealth v. Marts**, 889 A.2d 608, 615 (Pa. Super. 2005), there is no need to presume this here as the trial court stated in its 1925(a) opinion that it had considered the PSI report when resentencing Satterfield. **See** Trial Court Opinion, 1/18/22, at 6, 7.

Moreover, defense counsel highlighted some of the mitigating circumstances contained in the PSI, including the fact that Satterfield had been hospitalized for inpatient mental health treatment for the first time at age six and attempted suicide at age 11. **See** N.T., 10/4/21, at 11-12. She also told the court that Satterfield continues to be "haunted by what he has done," **id**. at 13, and that he is participating in a recovery program, a program to teach trade skills, and is on a list to attend the prison's NA meetings that were suspended because of Covid-19, **see id.** at 14-15.

In its 1925(a) opinion, the court made clear that it considered Satterfield's criminal conduct and its impact on the numerous victims when fashioning Satterfield's sentence, which is, of course, statutorily appropriate for it to do. **See** 42 Pa. C.S.A. § 9721(b). However, the court also made clear that it considered the PSI report, the mitigation memorandum submitted by

defense counsel, Satterfield's rehabilitative needs and his history of mental illness and drug and alcohol dependency. **See** Trial Court Opinion, 1/18/22, at 7-8. The court found, based on all of the above, that its sentence was entirely reasonable. **See id.** at 8. Satterfield has simply failed to show, and we fail to see, how the court gave him an unreasonable sentence, and thereby abused its discretion in sentencing him.

We note that Satterfield also peppers the argument section of his brief with the summary allegations that the court had "no rational basis" to increase the sentence on the three homicide by vehicle counts when resentencing him, and abused its discretion by imposing the sentences consecutively. In the first instance, Satterfield did not include these allegations in his Rule 2119(f) statement and has therefore not established that they present a substantial question so as to trigger this Court's review. **See Griffin**, 65 A.3d at 935. Even so, the allegations are far from meaningfully developed in that Satterfield completely fails to explain how they represent an abuse of discretion on the part of the sentencing court. We find them waived for that reason. **See Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that arguments that are not sufficiently developed are waived).[2]

_____

[2] Even if we were to overlook waiver, the trial court addressed these assertions and concluded they were without merit. **See** Trial Court Opinion, 1/18/22, at 8-9 (explaining that it was within the court's discretion to increase the sentence on the three counts of homicide by vehicle when resentencing Satterfield in order to sustain its original sentencing scheme and citing caselaw

*(Footnote Continued Next Page)*

In the end, we reject Satterfield's claim that the trial court abused its discretion when resentencing him, but, as explained above, we agree with him that the sentencing court illegally resentenced him on two of the three counts for violating Section 3742. We therefore vacate the sentence on those two counts. There is, however, no need to once again remand for resentencing given that the court imposed concurrent sentences for those two counts, and there is no risk that we will upset the court's overall sentencing scheme by vacating those two counts. *See Commonwealth v. Thur,* 906 A.2d 552, 569 (Pa. Super. 2006) (stating that if an appellate court's disposition does not alter the trial court's overall sentencing scheme, there is no need to remand).

Judgments of sentence on Count 8 and Count 9, both for violations of Section 3742, are vacated. Judgment of sentence otherwise affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/31/2022

---

establishing that the sentencing court has the discretion to decide whether to impose sentences concurrently or consecutively). We discern no error in its conclusion, and Satterfield's bald allegations to the contrary do not alter that.