J-S16015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMON EVANS | : | |
| | : | |
| Appellant | : | No. 1341 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 26, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004670-2019

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 06, 2022**

Amon Evans pleaded guilty to robbery and conspiracy, and filed a notice of appeal from the judgment of sentence the trial court imposed following that plea. Appointed counsel ultimately filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and an application to withdraw from representation. We agree with counsel and the trial court that Evans's challenge to the discretionary aspects of his sentence is without merit, and we therefore affirm his judgment of sentence and grant counsel's application to withdraw.

Evans and three others robbed an employee of Cupid's Treasure Store in Berks County. During the robbery, Evans was armed with a BB gun that

_____

[*] Retired Senior Judge assigned to the Superior Court.

looked like an actual firearm. Evans was arrested and charged in connection with the robbery, and he ultimately entered into an open guilty plea to robbery and conspiracy on May 26, 2021. That same day, the trial court held a sentencing hearing and sentenced Evans to a concurrent term of 40 months to eight years' imprisonment for each count. Counsel for Evans filed a post-sentence motion, which the trial court denied. Evans then filed a *pro se* notice of appeal on October 21, 2021, and counsel who had thus far represented Evans withdrew from representation. The trial court appointed appellate counsel. Both Evans and the trial court complied with Pa.R.A.P. 1925.

Appointed appellate counsel then filed an application to withdraw Evans's appeal with this Court on the basis that the appeal was untimely and without merit. This Court denied the application to withdraw the appeal. Instead, we issued an order directing counsel to file an **Anders** brief and an application to withdraw from representation, and to provide Evans with a letter notifying him of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

Counsel partially complied with our order and filed an **Anders** brief which substantially complied with the requirements for the content of that brief. **See Commonwealth v. Orellana,** 86 A.3d 877, 879-880 (Pa. Super. 2014) (stating that an **Anders** brief must: 1) provide a summary of the procedural history and facts; 2) refer to anything in the record that counsel believes arguably supports the appeal; and 3) set forth counsel's conclusion

- 2 -

that the appeal is frivolous, and the reasons for the conclusion). Counsel also filed an application to withdraw. However, he did not attach a copy of a **Millisock** letter notifying Evans of his rights. **See Millisock,** 873 A.3d at 751-752 (stating that counsel seeking to withdraw under **Anders** must attach to his application to withdraw a letter advising the client of his right to: 1) retain new counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention.)

Accordingly, this Court again issued an order to counsel, this time instructing counsel to provide Evans with a letter pursuant to **Millisock** and to file a copy of that letter with this Court. Although counsel responded by filing a notification letter he had provided to Evans, the letter offered incorrect advice. This Court issued yet another order, instructing counsel to file a proper notification letter.

Counsel has now sent a letter properly notifying Evans of his rights and filed a copy of that letter with this Court. Therefore, counsel's application and brief finally satisfy **Anders** and **Millisock**, and we turn to our own review of the appeal to determine if it is wholly frivolous. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's application and brief satisfy **Anders**, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In his **Anders** brief, counsel maintains Evans's claim that the trial court abused its discretion by sentencing him to an excessive sentence without duly considering mitigating factors is frivolous. Counsel contends, in the first instance, that Evans's claim is not reviewable because his appeal is untimely and he does not raise a substantial question for review. Even if reviewable, counsel avers the trial court properly determined that it did not abuse its discretion when sentencing Evans. We disagree with counsel that the discretionary sentencing claim Evans wishes to raise is not reviewable, but we agree with counsel that Evans's challenge to the discretionary aspects of his sentence is without merit.

This Court will only review a claim challenging the discretionary aspects of a sentence if the appellant shows he has filed a timely notice of appeal, properly preserved his claim at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (setting out these requirements and defining a substantial question as one where the appellant advances a colorable argument that the sentencing court's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process).

Counsel first asserts in his **_Anders_** brief that Evans's appeal is untimely, which, of course, would leave this Court without jurisdiction over this appeal no matter what type of claim is presented. **_See Commonwealth v. Moir,_** 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that the question of the timeliness of an appeal is jurisdictional). Here, counsel avers Evans's appeal was untimely because the clerk of courts did not receive a paper copy of the post-sentence motion filed by previous counsel until June 24, 2021, which fell outside the ten-day filing period for post-sentence motions. **_See_** Pa.R.Crim.P. 720 (A)(1). According to counsel, because the post-sentence motion was untimely, Evans was required to file a notice of appeal within 30 days of the imposition of his judgment of sentence on May 26, 2021. **_See_** Pa.R.Crim.P. 720 (A)(3). Evans did not, however, file his notice of appeal until October 21, 2021.

In reciting this procedural history, counsel neglects to mention that previous counsel faxed a motion for reconsideration of the sentence, with an attached certification of notice of service, to the clerk of courts within the ten-day period for filing post-sentence motions. The docket reflects receipt of this fax, along with the notation that the original post-sentence motion was being sent by mail. In addition, the record contains a copy of the fax, which is time-stamped with the date of its receipt. Under these circumstances, we decline to find that the post-sentence motion was untimely filed. **_See_** **_Commonwealth v. Austin_**, 66 A.3d 798, 807 n. 6 (Pa. Super. 2013) (holding

the appellant's post-sentence motion, which contained a certification of notice of service, was timely filed when it was received by fax at the clerk of courts within the ten-day filing period even though it was not docketed by the clerk of courts until after the ten-day filing period). Therefore, because Evans's appeal was filed within 30 days of the trial court's denial of the timely post-sentence motion, we find the appeal to also be timely. **See** Pa.R.Crim.P. 720(A)(2)(a).

Counsel also asserts Evans's claim is not reviewable by this Court because it fails to raise a substantial question. However, we note that there is caselaw supporting the conclusion that a claim such as the one Evans wishes to raise on appeal - that the court failed to consider mitigating circumstances and imposed an excessive sentence - constitutes a substantial question. **See Commonwealth v. Caldwell,** 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (stating this Court has held that a claim that the trial court imposed an excessive sentence, along with the claim that the court failed to consider mitigating factors, raises a substantial question).

For its part, the Commonwealth contends that Evans's discretionary sentencing claim is not reviewable because counsel did not include a Rule 2119(f) statement in his **Anders** brief. This Court, however, has previously held that counsel's failure to include a Rule 2119(f) statement in an **Anders** brief does not preclude review of whether an appellant's challenge to the discretionary aspects of his sentence is frivolous. **See Commonwealth v.**

*Zeigler,* 112 A.3d 656, 661 (Pa. Super. 2015). Therefore, we do not agree with Evans's counsel or the Commonwealth that Evans's claim is not reviewable at this time.

Both Evans's counsel and the Commonwealth contend that, even if Evans's claim is reviewable, the trial court properly found that Evans's claim that the court abused its discretion by sentencing him to an excessive sentence without duly considering mitigating circumstances is without merit. We agree.

Sentencing is within the discretion of a trial court and this Court will not disturb a sentence unless we find the trial court committed a manifest abuse of discretion. *See Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019). In reviewing a record to determine whether the trial court abused its discretion, the Sentencing Code directs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the trial court's findings and the court's opportunity to observe the defendant; and the sentencing guidelines. *See* 42 Pa. C.S.A. § 9781(d).

The Sentencing Code also instructs trial courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). The balancing of these sentencing factors is solely within the province of the trial court. *See Lekka*, 210 A.3d at 353. Likewise, the weight accorded to any mitigating or aggravating factors

presented to the trial court is within the court's exclusive domain. *See* ***Commonwealth v. Chilquist***, 548 A.2d 272, 274 (Pa. Super. 1988).

Here, in rejecting Evans's claim, the trial court stated that it had, in fact, considered all of the mitigating factors at the time of sentencing. *See* Trial Court Opinion, 2/1/22, at 3. The Commonwealth summarizes those mitigating circumstances, and the trial court's acknowledgment of those circumstances, as follows:

> [D]efense counsel spoke of [Evans's] absence of a prior criminal record, his remorse, his community volunteerism, the death of his parents and his attendance at Kutztown University, and she presented over 20 letters on his behalf speaking of his good character. Evans then presented the testimony of his friend [ ] and his twin sister [ ], who spoke of his good character, his remorse, his troubled youth in foster care and his supportiveness. Evans spoke on his own behalf, expressi[ng] remorse, accepting responsibility for his actions, and explaining that his mother was incarcerated because she killed his father in front of him when he was four years old. Evans also explained that at the time of this offense, his mother was suffering from stage 4 cancer, his adoptive aunt was suffering from liver failure, and he was in danger of losing his financial aid at college. …
>
> The record reveals that the trial court took all these factors into consideration when imposing sentence upon Evans. … [T]he court commented that this was Evans's first criminal offense, and he remained crime free while on bail. The court also recognized his family hardships, his mental health history and the absence of good parenting.

Commonwealth's Brief at 8-9 (citations to notes of testimony omitted).

We add that the trial court also confirmed it had reviewed the presentence investigation report that had been prepared for the purpose of sentencing Evans. *See* N.T. Guilty Plea and Sentencing, 5/26/21, at 23. At

the same time, the court stated it had considered the seriousness of the crime and the testimony of the victim, who told the court he continued to suffer from headaches as a result of the concussion he sustained during the robbery. *See id.* at 9-10, 25, 26,

Based on all of the above, the court decided to sentence Evans in the bottom of the standard range, 40 months to eight years. *See id.* at 27. The court specifically noted that the maximum sentence it imposed was well below the 20-year maximum that was permissible for each count to which Evans pleaded guilty. *See* Trial Court Opinion, 2/1/22, at 2-3. We simply fail to see how the trial court abused its discretion in sentencing Evans, either by imposing an excessive sentence or by failing to consider mitigating circumstances. We therefore agree with counsel that Evans's claim is without merit.

We have also independently reviewed the record and can discern no other non-frivolous issues. Accordingly, we affirm Evans's judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw from representation granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022