J-S19042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                 :            PENNSYLVANIA
                 :
        v.                :
                 :
                 :
LESA LEORA STAMBAUGH         :
                 :
         Appellant       :     No. 1050 MDA 2022

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005184-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:        **FILED: SEPTEMBER 21, 2023**

Lesa Leora Stambaugh ("Stambaugh") appeals from the judgment of sentence imposed following her conviction for one count of driving under the influence ("DUI")—general impairment, and one count DUI—highest rate of alcohol.[1]  We affirm.

The trial court summarized the relevant factual and procedural history as follows:

> [I]n September . . . 2020, around 9:00 [p.m.], officers were dispatched to 3687 East Market Street in York, Pennsylvania for a report of a running car being parked sideways in the homeowner's driveway with an unknown woman passed out in the back seat. [The officers noticed flip-flop shoes and vomit outside of the driver's side door.]  Officers were able to wake the woman and identify her as [Stambaugh].  Upon being awoken, [Stambaugh] was confused about her whereabouts.  [However, she stated that she had driven the vehicle, and had fallen asleep.]  Officers proceeded to have [her] perform various field sobriety tests,

---

[1] **See** 75 Pa.C.S.A. § 3802(a)(1), (c).

which she attempted and did not complete. [Stambaugh] was subsequently arrested and taken for a [consensual] blood draw. The blood draw resulted in a BAC of 0.363. [Stambaugh] was then charged with [DUI] of alcohol or other controlled substance with the highest rate of alcohol and general impairment.

[The matter proceeded to a bench trial which commenced in] January . . . 2022. . . . [A]fter the [Commonwealth rested its case-in-chief], the Commonwealth discovered that [Stambaugh] had [committed a subsequent] DUI in [Lancaster C]ounty and had [already] plead[ed] guilty to the [other DUI, and had been sentenced to that conviction as if it had been a first DUI offense]. The Commonwealth wanted to amend the information to reflect the second offense. The court denied the request[ because jeopardy had already attached]. The bench trial was continued [to] April . . . 2022. [Stambaugh took the stand and admitted to drinking for several hours on the day in question.] While [Stambaugh] testified that someone else had driven the car, the court did not find her to be credible. [The trial court found Stambaugh guilty of two counts of DUI, one for general impairment and the other for highest rate of alcohol. The court ordered a pre-sentence investigation ("PSI") report, as well as a drug and alcohol evaluation. The drug and alcohol evaluation report did not recommend any form of treatment for Stambaugh.] A sentencing hearing was held on June 17, 2022. [The trial court imposed] an aggravated sentence of six (6) months restrictive probation with the first 30-60 days incarcerated at York County Prison. [Stambaugh] filed a post-sentence motion . . . which the court denied . . .. [Stambaugh] then filed a [timely] notice of appeal . . .. [Both Stambaugh and the trial court complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 9/26/22, at 1-2 (footnotes and unnecessary capitalization omitted).

Stambaugh raises the following issue for our review: "Did the trial court abuse its discretion by violating the sentencing code and norms by sentencing . . . Stambaugh in the aggravated range based on an improper factor which

- 2 -

led it to discount her rehabilitative potential and needs?" Stambaugh's Brief at 4.

Stambaugh's issue presents a challenge to the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider her brief on this issue as a petition for permission to appeal. *See Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[A.] § 9781(b).

*Id*. (citation omitted).

In the instant case, Stambaugh filed a timely notice of appeal, preserved her claims in a timely post-sentence motion, and included in her appellate brief a separate Rule 2119(f) statement. As such, she is in technical compliance with the requirements to challenge the discretionary aspects of

her sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review the Rule 2119(f) statement to determine whether Stambaugh has presented a substantial question for our review.

In her Rule 2119(f) statement, Stambaugh argues that the trial court violated the fundamental norms of sentencing and abused its discretion by relying on improper factors when imposing sentence. Specifically, Stambaugh contends that "the trial court improperly elected to reject the results of . . . Stambaugh's drug and alcohol assessment based on the allegation she lied to the evaluator." Stambaugh's Brief at 12. Stambaugh further claims that "the court may have improperly considered . . . Stambaugh's conviction for DUI in Lancaster County that occurred . . . after charges were filed in this case, and which was a general impairment." *Id*. at 13.

An allegation that the trial court considered an impermissible sentencing factor raises a substantial question. *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009); *see also Commonwealth v. Matroni*, 923 A.2d 444 (Pa. Super. 2007). Because Stambaugh asserts that the trial court considered impermissible factors when imposing sentence, we conclude that she raises a substantial question and will address the merits of her discretionary sentencing claim.

Our standard of review for challenges to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Conte***, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

Section 3804 of the Vehicle Code sets forth mandatory minimum sentences for DUI offenders, and provides that the mandatory minimum penalty for a first offense DUI—general impairment is six months of probation. ***See*** 75 Pa.C.S.A. § 3804(a)(1)(i). The mandatory minimum penalty for a first offense DUI—highest blood alcohol is seventy-two hours of incarceration. ***Id***. § 3804(c)(1)(i). The statutory maximum sentence for a first or second DUI conviction is six months in prison. ***See*** 75 Pa.C.S.A. § 3803(a)(1) (providing a six-month statutory maximum penalty for a first or second DUI conviction).

Stambaugh points out that, for a first DUI offense, the sentencing guidelines recommend a standard range sentence of six months of probation with the first three days on house arrest. Stambaugh asserts that the trial court sentenced her to ten to twenty times the standard range sentence, as she was sentenced to thirty to sixty days of incarceration. Stambaugh points

to several comments made by the trial court during sentencing regarding the fact that: she had a BAC of .363 in connection with the present DUI conviction; she had two DUI convictions in the one-year period leading up to her sentencing hearing; and despite these separate DUI convictions is not receiving any drug or alcohol treatment and does not believe that any is necessary. Stambaugh maintains that these comments demonstrate that the trial court's sentence was based upon an unsupported belief that her high BAC level reflected a lack of honesty during her drug and alcohol evaluation. Stambaugh argues that her drug and alcohol evaluation and PSI report were prepared by competent professionals who are employed specifically to evaluate people in her position. Stambaugh claims that her evaluators had access to the police report that listed her high BAC, and there is no evidence that they had any misgivings that would make them question her honesty. Stambaugh asserts that, because there was no evidence that she lied during her drug and alcohol evaluation or during her PSI interview, the trial court lacked any basis to aggravate her sentence.

Stambaugh additionally claims that, although the sentencing court explicitly denied holding her prior Lancaster County DUI conviction against her, the trial court stated that it would not give her "a volume discount" and that she was "dishonest" when she did not report the Lancaster County DUI. Stambaugh's Brief at 24. Stambaugh argues that it is a reasonable

assumption that the trial court may have improperly considered the Lancaster County DUI as a sentencing factor. Stambaugh asserts that it was the Commonwealth's duty, as the party responsible for prosecuting the case, to track the number of prior DUIs that she might have. Stambaugh explains that, because the Commonwealth did not reveal her prior DUI until after it rested its case-in-chief, the present DUI charges could not be prosecuted as a second offense because any amendment of the criminal complaint to reflect that it was a second offense would have been subject to double jeopardy. Stambaugh contends that, because the trial proceeded as if the present DUI charges were a first DUI offense, it would have been improper for the trial court to aggravate her sentence as though her present conviction was a second offense.

The trial court considered Stambaugh's issue and determined that it lacked merit. The court reasoned:

> . . . [Stambaugh] argues that her sentence of 30 days incarceration at York County Prison is excessive, in that it is ten times the mandatory minimum [sentence] of 72 hours. . . . However, the sentence imposed on [Stambaugh] is a permissible sentence by statute. Further, the sentencing guidelines for a first offense DUI provide that a defendant may be sentenced up to six months incarceration. [*See*] 75 Pa.C.S.[A.] § 3803(b)(2).
>
> When the court determines that an aggravating circumstance is present, the court may impose an aggravated sentence that is up to three months longer than the upper limit of the standard range. Here, the court imposed a sentence well[-]within the . . . sentencing guidelines as set by statute. When evaluating a claim of this type, it is necessary to remember that

- 7 -

the sentencing guidelines are advisory only. [*See*] ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001). The statute, 42 Pa.C.S.[A.] § 9721, requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record their awareness of the sentencing guidelines. ***Id***. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which considers the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it is stated on the record the factual basis and specific reasons which compelled him to deviate from the guideline range. ***Id***.

Here, this court enumerated several reasons as to why it deviated from the mandatory minimum sentence. [Stambaugh] had a BAC of 0.363 roughly an hour and a half after she had been driving, three times the highest rate charged by statute. This, in and of itself, is an aggravating circumstance for driving under the influence. Further, the drug and alcohol evaluation completed by [Stambaugh] was returned without a recommendation for treatment. The court noted, on the record, that these evaluations are self-reported, and it is unlikely that anyone with a 0.363 BAC would not need treatment unless [Stambaugh] lied to the evaluator and/or was not forthcoming with regard to her substance use issues. The court noted that because this was an incredibly high BAC, it would be likely that [Stambaugh] would be a risk to herself and others if she did not receive treatment. . . . This court clearly considered the protection of the public as well as the rehabilitative needs of [Stambaugh] in determining the sentence in this case. For the reasons stated above, and on the record, this court would respectfully request that the sentence be affirmed.

Trial Court opinion, 9/26/22, at 3-5 (unnecessary capitalization omitted).[2]

_____

[2] Notably, while the Commonwealth maintains that the trial court did not abuse its discretion when imposing sentence, it would not object if this Court were to vacate the judgment of sentence, as the Commonwealth would be

*(Footnote Continued Next Page)*

- 8 -

We discern no manifest abuse of discretion by the trial court in imposing Stambaugh's sentence. Although the court must consider the sentencing guidelines when sentencing a defendant, *see* 42 Pa.C.S.A. § 9721(b), the sentencing guidelines are not mandatory and are purely advisory in nature. *See Commonwealth v. Valez*, 273 A.3d 6, 10 (Pa. Super. 2022). A court may therefore use its discretion and sentence a defendant outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute. *Id*. Here, the statutory maximum sentence that the trial court could have imposed for Stambaugh's conviction was six months in prison. *See* 75 Pa.C.S.A. § 3803(a)(1). Thus, the trial court had the discretion to sentence Stambaugh to any term of incarceration which did not exceed six months of incarceration.

Notably, the trial court did not identify the subsequent Lancaster County DUI as an aggravating factor affecting its sentencing decision.[3] However, the

_____

able to present evidence at Stambaugh's resentencing hearing that, while this appeal was pending, she committed a third DUI for which she is now serving a seven-year sentence. *See* Commonwealth's Brief at 11.

[3] Even if the trial court had considered the subsequent Lancaster County DUI when imposing sentence, it was entitled to do so, as a defendant's prompt or recent recidivism is an aggravating factor at the time of sentencing, because it gives "rise to an inference of intransigence rather than mere relapse following sincere attempts to reform." *Commonwealth v. Anderson*, 830 A.2d 1013, 1016 n.3 (Pa. Super. 2003) (*quoting* *Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa. Super. 1990)); *see also Commonwealth v. Eck*, 654 A.2d 1104, 1106-07 (Pa. Super. 1995) (affirming judgment of sentence

*(Footnote Continued Next Page)*

trial court viewed Stambaugh's BAC of .363 as a significant aggravating factor. That the trial court elected to accord greater weight to this aggravating factor, particularly since Stambaugh's BAC was more than three times the legal limit, was entirely within its discretion. **See Commonwealth v. Chilquist**, 548 A.2d 272, 274 (Pa. Super. 1988) (holding that the weight accorded to aggravating factors presented to the sentencing court is within the trial courts exclusive domain).

While the trial court clearly disagreed with the drug and alcohol evaluation report insofar as no treatment was recommended for Stambaugh, which caused the court to question Stambaugh's veracity during the evaluation, the court did not order any drug or alcohol treatment as part of Stambaugh's sentence. **See** Sentencing Order, 6/17/22. Instead, the court merely recommended that Stambaugh participate in in-patient treatment/aftercare and outpatient counseling/treatment. **See** Regulations & Conditions of Probation, 6/17/22, at unnumbered 2.

In sum, we cannot say the trial court manifestly abused its discretion in imposing sentence. As detailed above, the trial court considered a multitude of factors before imposing its sentence, including the section 9721(b) sentencing factors, the sentencing guidelines, the nature and circumstances

_____

where the trial court considered as an aggravating sentencing factor information that defendant committed another crime while on probation).

- 10 -

of the offense, the PSI, the drug and alcohol evaluation report, and the mitigating and aggravating factors that had been presented to it. As Stambaugh has not established that the trial court arrived at a manifestly unreasonable sentencing decision, her issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2023